[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Lorraine Bryant, was allegedly injured on September 3, 1999, when the automobile she was occupying was struck in the rear. The plaintiff commenced a three-count action on December 8, 2000, against defendants Michael Whitlock, the person allegedly responsible for starting the chain reaction-type accident, Deborah Waimon, the driver of the vehicle that actually struck the plaintiff's vehicle, and Chrysler Financial Company, LLC, the owner of defendant Whitlock's vehicle.
On February 2, 2001, defendants Whitlock and Chrysler Financial moved to strike the second and third paragraphs of the plaintiff's prayer for relief sounding in recklessness because the complaint only alleges negligence and does not contain a separate recklessness count. An objection to the motion was timely filed.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged. . . . The court must construe the facts . . . most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15 (1992). "Whenever any party wishes to contest . . . the legal sufficiency of any prayer for relief in any . . . complaint . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39.
The plaintiff alleges in the body of the complaint that "[s]aid collision and the resulting injuries and losses sustained by the plaintiff . . . were directly and proximately caused by the defendant's negligence and/or carelessness in one or more of the following ways: . . . [Whitlock] was operating his motor vehicle in a reckless manner in violation of Section 14-222 of the Connecticut General Statutes[.]" (Complaint, Count One ¶ 5(b) at 2.) The complaint then sets forth more specific facts regarding Whitlock's operation of the motor vehicle.
This court has, on prior occasion, visited the issue of whether pleading negligence and recklessness in the same count is sufficient to support a cause of action sounding in recklessness under General Statutes § 14-295. See, e.g., Gionfriddo v. Taylor, Superior Court, judicial district of Litchfield, Docket No. 083140 (Sept. 27, 2000); Dean v.Nowacki, Superior Court, judicial district of Litchfield, Docket No. 081044 (January 2, 2001). While recognizing a split of authority among Superior Court judges, this court has chosen to adopt the majority standard which requires a lesser degree of specificity in pleading recklessness. This standard allows recklessness and negligence to be pleaded in the same count. See Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, CT Page 5985Doherty, J.) (denying motion to strike claim for relief where language of complaint generally, but not specifically, complied with requirements of § 14-295).
Section 14-295 states: "[i]n any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a,14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." Based on the pleadings cited above, the court finds that the plaintiff has met her burden under the statute.
Accordingly, the defendants' motion to strike is denied.
Cremins, J.